STATE OF NORTH CAROLINA v. W. F. HUCKS.

(Filed 7 April, 1965.)

**Public Officers § 11—**

> An indictment charging a police officer with wilfully and corruptly failing to arrest a designated person for a felony, without averring that a

warrant for arrest had been issued or that the offense was committed in the presence of the officer or that the officer had reasonable ground to believe that such felony had been committed and that the accused would evade arrest if not immediately taken into custody, fails to charge a violation of G.S. 14-230.

APPEAL by the State from *Latham, S.J.,* 14 December 1964 Conflict Criminal Session of MECKLENBURG.

The defendant was charged in Bill of Indictment No. 42984 with having corruptly and wilfully omitted to discharge his duty as a police officer of the City of Charlotte, North Carolina, during the years 1963 through 1964, such duty being to-wit: "the arrest and apprehension of Betty Deloris Helms on the charge of did, unlawfully and feloniously of her own head and imagination did wittingly and falsely make, forge and counterfeit and did wittingly assent to the falsely making, forging and counterfeiting certain checks on Mr. and Mrs. Fletcher M. Peele, for the period of May 30, 1962 to June 2, 1962 which is a felony under the laws of the State of North Carolina, to the knowledge of W. F. Hucks, to the injury of the public and the people of the City of Charlotte, North Carolina, all in violation of his oath and of his public duty," *et cetera.*

The defendant was charged in Bill of Indictment No. 42985 with having wilfully failed to discharge his duty with respect to the same matters set forth in Bill No. 42984.   .

The defendant moved to quash these bills on the same grounds set out in the case of *S. v. Hord,* filed this day, *ante* 149. The motion was allowed as to both bills, and the State appeals pursuant to the provisions of G.S. 15-179, and assigns error.

*Attorney General Bruton, Deputy Attorney General Harry W. Mc-Galliard, Asst. Attorney General James F. Bullock for the State, appellant.*

*James B. Ledford for defendant appellee.*

PER CURIAM. On authority of *S. v. Hord, ante* 149, we hold that the defendant at the time referred to in these bills of indictment, was an officer of the City of Charlotte, North Carolina, within the meaning of G.S. 14-230. Even so, this does not mean necessarily that he acted wilfully or corruptly in failing to arrest Betty Deloris Helms for forgery under the circumstances set out in these bills of indictment.

G.S. 15-41 reads as follows: "A peace officer may without warrant arrest a person: (a) When the person to be arrested has committed a felony or misdemeanor in the presence of the officer, or when the officer has reasonable ground to believe that the person to be arrested has committed a felony or misdemeanor in his presence; (b) When

the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

There is no indication that the defendant in 1963 and 1964, the years in which he is charged with having acted wilfully and corruptly by failing to arrest Betty Deloris Helms for a forgery or forgeries allegedly committed during the period from 30 May 1962 and 2 June 1962, had any personal knowledge of such forgery or forgeries at the time they were committed.

Moreover, there is nothing in the above statute that makes it mandatory or permissible for such officer to arrest a felon without a warrant when the felony was not committed in his presence, unless he has reasonable ground to believe such felony had been committed and that the accused would evade arrest if not immediately taken into custody. There is no suggestion that either Mr. or Mrs. Peele had caused process to be issued for the arrest of Betty Deloris Helms, or that such process had been issued and placed in the hands of the defendant for service.

On the grounds hereinabove set out, we uphold the ruling of the court below.

Affirmed.